UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

PEDRO HERNANDEZ,

        Petitioner,

    -v-                                                22 civ 2266 (CM)

DONITA MCINTOSH,

        Respondent.

-------------------------------------------------------------------

## CONDITIONAL WRIT OF HABEAS CORPUS

McMahon, J.:

    Precipitating this, the latest chapter in the nearly half-century long saga of the disappearance, and presumptive murder, of the child Etan Patz: the United States Court of Appeals for the Second Circuit has reversed this court's decision denying Petitioner Pedro Hernandez' petition for a writ of habeas corpus, and has directed that this court grant the writ, but conditionally. Specifically, the panel has directed this court to order Hernandez released unless The People of the State of New York retry him (which is to say, commence a retrial[1]) within "a reasonable period as the court shall set." The People twice went to the Second Circuit with motions to stay issuance of the mandate. They received a 30-day extension on their first bite at the apple, but no further extension the second time they tried.

---

[1] Under New York state law, a trial "commences" at the beginning of jury selection. *People v. Crespo*, 32 N.Y.3d 176, 185, 112 N.E.3d 1243, 1250 (2018).

1

The mandate issued on or about October 2, 2025. I am constrained by the mandate rule to do what the Second Circuit told me to do— which is to set a "reasonable period" by which a retrial of Hernandez must commence. Neither side appears to want me to make that decision today.

The People argue that it would be premature for the court to set a "reasonable period" for retrial now. They plan to file a petition for a writ of certiorari. They are seeking Supreme Court review of the Second Circuit's decision on multiple grounds. That petition is presently due on October 20, 2025— next Monday. The People have applied to the Supreme Court for an extension of the time within which they can file their petition. As of this writing, I have not been advised that any extension was granted.

The People would have this court rule that the "reasonable period" for commencing retrial cannot begin pending final action by the Supreme Court on its request for review – whether that final action be denial of the petition for a writ of certiorari, a grant of certiorari and summary reversal, or a grant of certiorari and the issuance of a decision after full briefing and argument, as the case may be. And while The People represent that they are already hard at work putting together a new trial team (all but one member of the original trial team no longer work at the Manhattan District Attorney's Office), and trying to locate the dozens of long-scattered witnesses who testified at the last trial some seven years ago, they do not believe that they can be ready for trial until one year after the Supreme Court does whatever it is going to do. Transcript of Hearing, held on October 14, 2025 (Tr.) at 12.

In the alternative, The People asks that they have 90 days to apprise the court of the "concrete and additional steps" that they are taking to prepare for any retrial – and that the court refrain from setting the requisite "reasonable period" for retrial until I receive that report.

2

However, at the October 14, conference, The People advised the court of the concrete steps they have already taken toward that end during the three months since the Second Circuit handed down its decision, as well as the steps they were continuing to take. As a result, this alternative request for relief makes little sense.

Petitioner opposes The People's request that I take into account any activity at the Supreme Court when setting the "reasonable" period for commencing retrial. Indeed, Petitioner argues that, were I to take the possibility of certiorari into account, I would be effectively overruling the Second Circuit's decision to deny a stay of the mandate beyond October 2.

However, Petitioner also does not appear to want me to set the "reasonable period" just yet. Instead, he asks that I require The People to decide by a date certain – 30 days, is his suggestion -- whether they are going to retry the case at all. (Tr. 19). He even urges that, before setting a "reasonable period" for retrial, the court might direct The People to reopen the case in the New York State Supreme Court, so that various necessary administrative matters can be carried out and a possible pre-trial trial schedule set. (Tr. 18). And he suggests that he might make a bail application (Tr. 22), although neither party could enlighten me about whether this court is a position to entertain such a request. Were I to release him on bail, Hernandez would of course be willing to give The People as much time as they want to retry the case. (Tr.22). The People suggest that, if the court were interested in adopting this approach, 90 days would be a more reasonable time for a decision on retrial (Tr. 21).

I thank the parties for appearing before me on short notice on October 14, so we could discuss these matters. After careful consideration, I have reached the view that it is not within the scope of the mandate for me to grant any of the requests that were contained in the letters to the court dated October 3, 2025 (Dkt. #54) and October 6, 2025 (Dkt. #56) or discussed at the

3

conference. The mandate rule constrains this court to do exactly what the Second Circuit directed me to do – order the Petitioner released unless The People start a retrial within such "reasonable period" as I shall set. It is not my job to read the tea leaves and make predictions or estimates about when or how the Supreme Court will act on any petition for certiorari that may be filed. The Second Circuit refused to delay issuance of the mandate to accommodate action by the Supreme Court; I am not at liberty to do what the Court of Appeals refused to do.

Similarly, the mandate says nothing about my setting a date by which The People must decide whether or not to retry Hernandez. The mandate – my marching orders – simply directs that I set an end date by which any retrial must commence, and order Hernandez freed if a retrial does not commence by that date. Federal judges issue such conditional writs all the time without knowing what judge will be trying the case in state court or what schedule that judge will set for pre-trial proceedings. It seems to me that the appropriate court to set the date by which The People must announce whether they intend to retry the case is the court where the case will be tried— the New York State Supreme Court. Similarly, all of the administrative decisions that need to be made – from reopening the case to reappointing defense counsel to setting a pre-trial motion schedule (if there are to be any such motions; the trial court may well choose to adhere to its prior rulings on pre-trial motions) to setting an actual trial date – require the case to be back in the New York State Supreme Court, and sooner rather than later.

So, my task is really quite simple. Relying on my three decades of experience as a trial judge, I have to decide what constitutes a "reasonable period" for The People to be ready to commence a retrial in this twice-tried, very old case, and I have to order Hernandez released if any retrial does not commence by that date.

The Second Circuit's decision issued on July 21, 2025. The People have already had almost three months to review and digest that decision and begin the process of preparing for a retrial. I accept that this is an unusually complicated task. The case needs new prosecutors and new investigators. I am advised that those individuals have been identified and are already hard at work locating numerous witnesses and familiarizing themselves with a very large case file (there were, after all, not one but two prior trials— the first ended with a hung jury, the second with a conviction – and this was a cold case to begin with).

However, it would not be reasonable to give The People all the time they want, either – which is to say, a full year from the date when the United States Supreme Court takes whatever final action it decides to take in connection with this case, which could and likely would extend well into 2027. Indeed, it makes no sense to exclude from any "reasonable period" the time during which the as-yet-unfiled cert petition is under consideration, because there are other ways of dealing with that (*see infra*). The People represent that they have already commenced preparations for a retrial, by designating new counsel and investigators and locating as many as half of the 57 witnesses who testified at the last trial. (Tr. 21) That The People are already moving forward – notwithstanding their intention to file a cert petition -- makes perfect sense. The People cannot possibly make a reasoned decision about whether to retry the case until they have explored things like the availability of witnesses and evidence -- not just seven years after the last trial (which took place in 2017), but 47 years after the child mysteriously disappeared.

The question for me, then is how much time beyond the approximately three months they have already had is a "reasonable period" within which to commence a retrial. It seems to me that I should allow The People until December 1, 2025, to finish the unusually complicated preparatory work that began upon issuance of the Second Circuit's decision, followed by a

5

period of up to 180 days for actual trial preparation. That means the reasonable period by which the People have to commence retrial will end on June 1, 2026.[2] This period – just over ten months from the Second Circuit's decision – is longer than I would ordinarily consider reasonable for the retrial of an already heavily litigated case. But I accept that there are unusual, even extraordinary, difficulties attendant on this particular case, which make it reasonable to give The People more time than I might otherwise.

I will, therefore, issue a conditional writ directing that the Petitioner be released unless the People retry him by June 1, 2026.

I said earlier that there were ways of dealing with action in the United States Supreme Court – and indeed there are. Nothing in this decision prevents any party from asking this court to modify this conditional writ if the Supreme Court should decide to hear an appeal from the Second Circuit's ruling. *Bohan v. Kuhlman,* No. 00 Civ. 4225 (VM), 2003 WL 22769234 (S.D.N.Y. Nov. 19, 2003) (modifying the conditional writ in light of a pending petition for Supreme Court review).[3] Similarly, if the United States Supreme Court should direct that this court modify the conditional writ upon a grant of the petition for a writ of certiorari, I would of course do so.

Moreover, when it denied The People's second motion for a stay of the mandate, the Second Circuit specifically said that nothing in its order prevented The People from asking the New York State Supreme Court to order that Hernandez be detained in advance of any retrial. This very clear statement by the Court of Appeals should cover The People in the event that

---

[2] Exactly 180 days brings us to Saturday, May 30, 2026. The New York State Supreme Court does not sit on Saturdays.
[3] For avoidance of doubt, given the Second Circuit's refusal to stay issuance of the mandate, I am not – unlike Judge Marrero in *Bohan* – prepared to take potential United States Supreme Court action into account unless and until that court decides to hear an appeal in this case.

retrial is delayed beyond June 1, 2026, for any reason. Furthermore, it comports with my understanding of the law. *See. e.g.*, 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure*, §33.3 and nn. 6, 10 (7th Ed. 2015 & Supp. 2025) (petitioners released from custody if state fails to satisfy conditional writ are, unless ordered otherwise, subject to rearrest and reprosecution).

Similarly, I can see no reason why Hernandez could not ask the New York State Supreme Court to admit him to bail in advance of any retrial. That, too, it seems to me, is within that court's remit.

In short, this court's conditional writ does not tie the hands of the state court judge assigned to preside over any retrial from considering whatever applications are properly made to him or her.

So there are multiple ways to deal with any developments at the United States Supreme Court— none of which requires this court to delay compliance with the mandate.

## Conclusion

A reasonable period for preparing this case for retrial extends from July 21, 2025 (the date on which the Second Circuit issued its decision) to and including June 1, 2026. If jury selection does not commence by June 1, 2026, Hernandez must be released pursuant to the writ. In accordance with the directive of the United States Court of Appeals for the Second Circuit, the issuance of the conditional writ is without prejudice to Petitioner's rearrest in the event he is released pursuant to the writ.

This constitutes the decision and order of this court. As far as I am concerned, there is nothing more to do here; the matter now rests with the New York State Supreme Court.

Dated: October 16, 2025

                                                                                   _____
                                                                                                       U.S.D.J.

BY ECF TO ALL COUNSEL